# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARLIS WOODS, | ) |
| *Plaintiff*, | ) |
| | ) No. 17 C 8273 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| MARYVILLE ACADEMY, *et al*. | ) |
| *Defendants*. | ) |

## ORDER

Defendants Jan Jameson and Brian Lewis move to dismiss the claims against them for untimely service of process. For the reasons stated here, their motions [Dkt. 82, 87] are denied.

## BACKGROUND

In November 2017, Plaintiff Harlis Woods filed a *pro se* complaint against Maryville Academy ("Maryville") and several of its employees for violations of 42 U.S.C. § 1983 stemming from alleged physical and emotional injuries Woods suffered as a child in Maryville's care. (Dkt. 1). The Court appointed counsel from Kirkland & Ellis LLP to represent Woods (Dkt. 7), and his attorneys moved under Federal Rule of Civil Procedure 4(m) for an extension of time to file and serve an amended complaint. (Dkt. 15.) The Court granted that request and allowed Woods until June 13, 2018 to file an amended complaint and locate and serve the defendants. (Dkt. 17.) On June 5, 2018, Woods filed the operative complaint naming Maryville and fifteen individual defendants. (Dkt. 19.) Woods issued summonses over the following three days for all named defendants except two—Jan Jameson and Brian Lewis. All defendants (except Jameson and Lewis) were served and later moved to dismiss Woods's complaint for failure to state a claim. The motions to dismiss were granted in part and denied in part, and the remaining parties have been

1

engaged in discovery since January 2019. (Dkt. 57, 60.) Fact discovery is currently set to close on March 16, 2020. (Dkt. 77.)

Woods eventually issued summonses for Jameson and Lewis on September 10, 2019. Jameson was served on September 11, 2019, and Lewis was served on September 19, 2019—fifteen months after the Court-ordered deadline of June 13, 2018. Attorneys for Jameson and Lewis, who also represent Maryville and other individual defendants, appeared in October 2019. Jameson and Lewis now move to dismiss the claims against them under Rules 4(m), 12(b)(5), and 41(b) for untimely service of process.

## **LEGAL STANDARD**

Jameson and Lewis move to dismiss the claims against them under Federal Rules of Civil Procedure 4(m), 12(b)(5), and 41(b). Under Rule 12(b)(5), a defendant may seek dismissal of a claim for "insufficient service of process." Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

According to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "In other words, if good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time ('direct that service be effected within a specified time')." *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (emphasis in original). "Good cause means a valid reason for delay, such as the defendant's evading service."

*Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *see also Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) ("a plaintiff's attempts at service need be at the very least . . . accompanied by some showing of reasonable diligence before good cause must be found") (quotation marks omitted). If a plaintiff fails to show good cause, "the decision of whether to dismiss or extend the period for service is inherently discretionary" and is reviewed for abuse of discretion. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *see also McLaughlin*, 470 F.3d at 700 ("the plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court").

## DISCUSSION

Woods does not dispute that Jameson and Lewis were served long after the Court-ordered deadline passed, but he argues he can show good cause for the delay. Jameson and Lewis disagree that Woods has shown good cause and urge the Court to exercise its discretion and dismiss the claims against them due to the excessively late service.

According to Woods, he was unable to serve Jameson and Lewis until September 2019 because he could not locate their addresses. Woods's lawyers contend they worked diligently and used all resources at their disposal to locate and serve the two, and they argue that their efforts were stymied by Maryville's repeated refusal to respond to discovery requests seeking Jameson and Lewis's addresses. Woods's counsel explained the series of events in an affidavit. In February 2018, Woods's counsel first tried to find Jameson and Lewis's addresses using their firm's in-house investigator. (Dkt. 93-1 ¶ 3.) In March 2018, they also engaged the firm's internal research library to search for the addresses. (*Id.* ¶ 4.) In April 2018, Woods's counsel learned that those efforts had come up short, despite the library's attempts to search through newspapers, periodicals, media, litigation records, public records databases, archived versions of Maryville's website, and tax records, among other sources. (*Id.* ¶¶ 5-7.) In June 2018, Woods's counsel asked the firm

3

library to make another effort to locate the addresses, but it was still unable to find them, so Woods could not serve Jameson and Lewis along with the other defendants in June 2018. (*Id.* ¶¶ 8-9.)

The served defendants filed motions to dismiss in August 2018 and briefing was completed by late September 2018. On November 19, 2018, the Court issued a memorandum opinion and order partially granting and partially denying the motions. (Dkt. 57.) On January 14, 2019, the Court held a status hearing and set a discovery schedule. (Dkt. 60.) On February 19, 2019, Woods served Maryville with his first set of interrogatories, one of which requested Jameson and Lewis's addresses and telephone numbers. (Dkt. 73-1 at 22 ¶ 14.) Maryville did not respond to the interrogatories by the March 21, 2019 due date, and Woods's counsel inquired twice about the status of Maryville's response during the following week and requested that the parties meet and confer. (Dkt. 73-2, 73-3.) The parties conferred about the outstanding discovery on April 4, 2019, and Maryville supplied Woods with "draft" interrogatory responses on April 12, 2019—but the draft responses did not answer the interrogatory seeking Jameson and Lewis's contact information. Instead, Maryville stated that their "investigation continue[d]" and they reserved the right to supplement their answer at a later date. (Dkt. 73-5 at 29 ¶ 14.) According to Woods, the parties continued conferring about Maryville's discovery obligations in April, May, and June. (Dkt. 93 at 4.) After an unexplained weekslong delay, Woods's counsel again contacted Maryville's counsel via email multiple times in August 2019 to inquire about the status of Maryville's discovery responses, and in particular about when Maryville would produce "final" rather than "draft" interrogatory responses. (Dkt. 73-6.) On August 30, 2019, Maryville produced final interrogatory responses, including addresses and contact information for Jameson and Lewis. (Dkt. 93-1 ¶ 10.) Less than two weeks later, Kirkland's investigator located Jameson and Lewis and issued summonses, and both defendants were served by September 19, 2019.

Woods argues that his lawyers did everything they could to locate and serve Jameson and Lewis, using their firm's internal resources and repeatedly seeking the addresses from Maryville in discovery. According to Woods, it was Maryville's excessive delay in responding to discovery—not his own lack of diligence—that caused him to serve Jameson and Lewis 15 months late.

Jameson and Lewis concede that Woods's lawyers made reasonable efforts to locate and serve them leading up to the Court's original June 2018 deadline, but they contend that Woods's lawyers then "sat idle" for 15 months, between June 2018 and September 2019, and made no efforts toward service. As Woods's response makes clear, that's simply not true. Woods's lawyers repeatedly sought the contact information from Maryville in discovery beginning in February 2019, and Jameson and Lewis's attorneys (who also represent Maryville) offer no explanation for why it took Maryville more than six months to answer the straightforward interrogatory seeking the addresses. In fact, Jameson and Lewis's attorneys go to great lengths to demonstrate how easy it was for them to find Jameson and Lewis's addresses via Westlaw, and they argue that Woods's lawyers should have been able to figure it out themselves. (*See* Dkt. 94 at 3-4, Dkt. 95.) But that only raises the question of why it took Maryville six months to respond to Woods's interrogatory seeking that exact information. If it was so easy to find the addresses, Maryville should have produced the information to Woods sooner. Woods promptly served Jameson and Lewis after Maryville produced their addresses, and presumably would have done so six months earlier if Maryville had not taken so long to respond.

Jameson and Lewis also criticize Woods's characterization of the lengthy meet and confer process regarding Maryville's interrogatory responses. According to Jameson and Lewis, Woods's lawyers' months-long effort to get the addresses from Maryville in discovery should not

5

weigh in Woods's favor, because his attorneys never explicitly told Maryville's attorneys that Woods needed the addresses so he could serve Jameson and Lewis. (*See* Dkt. 94 at 1-2, 5). This argument borders on disingenuous. Defendants' lawyers knew that all named defendants but two—Jameson and Lewis—had been served. Defendants' lawyers also knew that Woods issued an interrogatory requesting Jameson and Lewis's addresses. It's not a stretch to figure out why Woods needed the addresses, and it's not credible for Jameson and Lewis's attorneys to argue otherwise. Jameson and Lewis also argue, confoundingly, that Woods's lawyers "***never once* in six (6) months of email and telephone communications** . . . **requested contact information for Jameson and Lewis, let alone indicate[d] Plaintiff's intent to pursue claims against these defendants**." (Dkt. 94 at 6) (emphases in original). To the contrary—Woods asked for that precise information in an interrogatory, and then spent six months asking Maryville's counsel to respond to its interrogatories. As for Woods's supposed failure to indicate that he intended to pursue claims again Jameson and Lewis, that is also not the case—his discovery requests and interrogatories are directed to "Defendants Maryville Academy, Rev. David Ryan, *Bryan Lewis*, and *Jann Jameson*." (Dkt. 73-1 at 3, 14) (emphasis added).

Ultimately, despite Jameson and Lewis's objections, Woods has demonstrated good cause for the delay here. Woods's inability to locate Jameson and Lewis's addresses before the June 2018 service deadline is a "valid reason for delay," *see Coleman*, 290 F.3d at 934, and Woods's lawyers' description of their efforts to locate and serve Jameson and Lewis demonstrates the "reasonable diligence" required for a finding of good cause. *See Bachenski*, 11 F.3d at 1377.

The biggest flaw in Woods's argument is the eight-month delay between the original service deadline in June 2018 and Woods's next attempt to locate Jameson and Lewis via interrogatories to Maryville in February 2019. As Jameson and Lewis point out, Woods appears

6

to have made made no effort to locate or serve them during that eight-month period. (*See* Dkt. 94 at 5.) But even if the Court were to find that the eight-month delay precludes a finding of good cause, the Court would nonetheless grant a discretionary extension of time for Woods to serve Jameson and Lewis. Though it is entirely within the Court's discretion to decide, Jameson and Lewis cite a number of factors that other courts consider when deciding whether to grant discretionary extensions. *See* Dkt. 82 at 7; *see also Cardenas*, 646 F.3d at 1006-07. Some of those factors weigh against Woods: there is nothing in the record to indicate that Jameson or Lewis evaded service, nor that either had actual notice of the lawsuit until they were served. But other factors weigh in Woods's favor: he did initially request an extension from the Court to locate and serve the defendants (though he should have done so again for Jameson and Lewis), he diligently pursued service during the allotted period (*i.e.*, until June 2018), and Jameson and Lewis were eventually served. The other two factors cannot be determined at this time: first, as to whether an expiring statute of limitations would impact Woods's ability to refile, it appears that the parties disagree as to which statute of limitations applies and when it began to run. (*See* Dkt. 82 at 9-10.) Because those issues have not been fully litigated yet, that factor is neutral at this time. Second, as to whether Jameson and Lewis will be prejudiced by the extension, the record is not developed enough to determine whether that is the case. Ultimately, no one factor is dispositive, and the Court is free to weigh the various factors as it sees fit. *See Cardenas*, 646 F.3d at 1007. And these factors counsel in favor of an extension.

To be clear, Woods and his lawyers are not without fault here. After the June 2018 deadline passed and Woods's lawyers still could not locate Jameson and Lewis, they should have asked the Court for another extension of time to serve them. They should not have let another fifteen months pass without bringing this issue to the Court's attention. And they should have taken steps to

7

locate and serve Jameson and Lewis between June 2018 and February 2019. But the Court is loathe to punish Woods for the sins of his recruited, Court-appointed counsel.

## CONCLUSION

Woods demonstrated good cause for his failure to timely serve Jameson and Lewis. Woods's deadline to serve Jameson and Lewis is retroactively extended to September 19, 2019, making service on both Jameson and Lewis timely. Even if Woods failed to demonstrate good cause, the Court would exercise its discretion and grant the same retroactive extension. For these reasons, Jameson's [Dkt. 82] and Lewis's [Dkt. 87] motions to dismiss are denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 29, 2020